L. D. HUSBANDS, ET AL. v. CITY OF PADUCAH.

**Rule for Enforcing Liens.**

Taxes are not debts, and the rule is not applicable that where one has a lien upon two funds and another has a lien upon only one of them the chancellor will require the first lienholder to exhaust his claim against the fund on which he has an exclusive lien before resorting to the other.

APPEAL FROM McCRACKEN COURT OF COMMON PLEAS.

June 7, 1883.

OPINION BY JUDGE HINES:

The equitable rule that, where one has a lien upon two funds and another has a lien upon only one of them, the chancellor will require the first lienholder to exhaust his claim against the fund on which he has an exclusive lien before resorting to the other is recognized as of almost universal application between citizens; but its application to the sovereign in the collection of taxes for revenue was not supposed to be insisted upon, and therefore the rule was not adverted to in the opinion. Taxes are not debts. Against them these ordinary rules regulating the rights and remedies of individuals do not apply. This seems to be admitted by counsel in his petition for rehearing, but he insists that it is not applicable to the collection of taxes by a municipality, as it would be in case where the state is seeking to enforce collection of taxes, and as a reason for this conclusion he suggests that a municipality may enter into contract, sue and be sued for their enforcement as a private individual. That is true. But in such cases the municipality is not in the exercise of a sovereign prerogative as in the other instance, but in the exercise of a private right conferred by legislative grant. In such cases the municipality contracts debts in the enforcement of which they are ordinarily subjected to the same rules that apply to natural persons. The power of taxation delegated to a municipality for revenue purposes is none the less an exercise of the sovereign power than if directly exercised by the legislature. The fact that the original purchase by the city of Paducah, without express legislative authority, was void does not alter the case. That was taken for granted in the opinion. The lien nevertheless continued and the right to its en-

forcement was unabated and its original character unaltered. See original opinion, p. 169, this volume, 4 Ky. L. 992, 5 Ky. L. 193.

Petition for rehearing *overruled*.

*L. D. Husbands, for appellants.*

*P. D. Geiser, for appellee.*